Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

_____ Division

|  |  |
|---|---|
| Henry Berry<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>Federal Bureau of Investigation,<br>Brian Paice, Michael Kamp<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. **20 cv 1116 ( VLB )**<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.   The Parties to This Complaint**

   **A.   The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Henry Berry |
   | Street Address | 293 Ellsworth Street, 8D |
   | City and County | Bridgeport |
   | State and Zip Code | CT 06605 |
   | Telephone Number | 203-332-7629 |
   | E-mail Address | henryberryinct@gmail.com |

   **B.   The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Federal Bureau of Investigation (FBI) |
| Job or Title *(if known)* | |
| Street Address | 600 State Street |
| City and County | New Haven |
| State and Zip Code | CT 06511 |
| Telephone Number | 203-777-6311 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Brian Paice (individual) |
| Job or Title *(if known)* | lawyer |
| Street Address | 641 Farmington Avenue |
| City and County | Hartford |
| State and Zip Code | CT 06119 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Michael Kamp (individual) |
| Job or Title *(if known)* | judge |
| Street Address | 1061 Main Street |
| City and County | Bridgeport |
| State and Zip Code | CT 06604 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983

42 U.S.C. § 1985

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

Or is incorporated under the laws of *(foreign nation)* _____

and has its principal place of business in *(name)* _____

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

see attachment; NOTE: Given the treachery, viciousness, and conspiratorial nature of the allegations and claims of this legal action, plaintiff cites explicitly and relies on in particular "Rule 11(b)(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" as required, relevant, and necessary in exposing and litigating the action, noting especially implied and/or referred to in Rule 11(b)(3), planned, related, permissible discovery.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

compensatory damages and punitive damages as determined by a jury at trail, and any other relief determined by the court to be relevant and appropriate

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 3, 2020

Signature of Plaintiff: *[signed]*
Printed Name of Plaintiff: Henry Berry

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

III. Statement of Claim, Berry v. FBI et al

**continuation of citing of Rule 11, from "Notes of Advisory Committee on Rules—1993 Amendment":** The certification with respect to allegations and other factual contentions is revised in recognition that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation."

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**42 U.S.C. § 1983, FBI defendant**
**First Amendment violations** defamation, stalking, threatening, witness intimidation, false statement, denial of plaintiff's First Amendment rights of free expression, free statement, and communication to individuals on matters of public interest and interest specifically to particular individuals without interference, namely FBI manifold harassment, menacing, and targeting of the plaintiff following communication of an August 2015 incident planned and executed by FBI agents with the participation of Pequot Library employees Adair Heitmann and Denise Martin and awareness of the targeting of the plaintiff by Pequot Library employees Heather Marie Montilla, Robert Repko, Victoria Konopka, and Susan Ei, including but not limited to threat of arrest for trespass leaving plaintiff unable to gather evidence or conduct interviews to gather facts about the incident, defamation of the plaintiff to Pequot Library employees, Fairfield

Public Library employees, Fairfield police officers, and others, continuing FBI witness intimidation for reporting on his experiences at Facebook and other social media and pursuing lawsuits against individuals associated with and working with the FBI, including also a retaliatory arrest for trespass when the plaintiff was arrested for trespass at the Pequot Library on June 12, 2019, and prosecuted for this, and at an early stage of the prosecution Hartford attorney Brian Paice associated with the FBI and Pequot Library employees and board of trustee members introduced false evidence into the trespass case in or about August 2019 at the encouragement and/or direction of the FBI;

**Fourth Amendment** – invasion of privacy based on false statements made in warrant application for cameras in the plaintiff's apartment at different times to be specified with discovery during or about the year 2015, microphones in the plaintiff's apartment, tapping of the plaintiff's iPhone, monitoring of plaintiff's computer activity including research on legal matters, over the past several years continuing until July 2020, specifics of which to be obtained with discovery;

**42 U.S.C. § 1985, FBI defendant**
FBI participated in a conspiracy in violation of 42 U.S.C. § 1985 by obstructing justice; intimidating party, witness, or juror and/or conspiring to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully and/or to injure such party or witness in his person or property on account of his having so attended or testified, and/or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court and/or conspiring for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any

2

person, or class of persons, to the equal protection of the laws in one of more of the following ways:

**witness intimidation of plaintiff** between March 30, 2016, and July 15, 2020, including but not limited to stalking by Susan Ei, Pequot Library children's librarian (now deceased), induced to do so by FBI at the Southport, CT, post office on two occasions, Harry's Liquor Store in Fairfield at one time, and parking her dark, metallic olive-green Honda SUV by the plaintiff's place of residence in Black Rock, Bridgeport, where the plaintiff could not help but see it when leaving his apartment; FBI induced harassment and menacing by defamation of plaintiff variously to owners, supervisors, and employees of stores patronized by the plaintiff including Harry's Liquor Store and Stop & Shop in Fairfield;

**manslaughter or murder Susan Ei**, Pequot Library children's librarian (deceased), late March 2017, to dispose of witness who could expose illegal FBI activity in the course of a lawsuit by the plaintiff against Susan Ei and also send a message to, i.e., threaten, the plaintiff who had heretofore received death threats and threats of physical injury; Susan Ei's untimely death a short time following the plaintiff's amended complaint detailing her stalking is too apparent and curious to disregard (notably a hasty cremation);

**arson of residence being rented by the incoming president of Fairfield University and his family** at 480 Old Post Road, Fairfield, CT, on or about September 2, 2017, when the plaintiff was engaged in a lawsuit against Fairfield University Dimenna-Nyselius Library employees and Fairfield University professor Keven Cassidy, **in conjunction with alleged perjurious affidavits by defendants**, discovery requests by the plaintiff seeking contact between defendants and FBI, and court filings on the case, with defendants' lawyer Jonathan Sterling of the Carlton Fields law firm announcing to the court (judge Dale Radcliffe) at the opening of a hearing on the defendants' motion for summary judgment that there was

3

no FBI involvement with the Fairfield University defendants knowing that the defendants had filed perjurious affidavits, had refused to respond honestly and relevantly to the plaintiff's discovery efforts, and knowing that he (Jonathan Sterling) was making a false statement to the court; bribery of Pequot Library Association and Pequot Library employees including Susan Ei, library children's librarian, library executive director Stephanie Coakley, and board of trustee members including Alison Barry, then Pequot Library board of trustees chair, trustee Nicholas Morello, Jr., (present Vice President of Investments, former executive vice president, Douglas Fried (current treasurer) on or about March 2016 to cover up the involvement of the Pequot Library Association and certain employees and board of trustee members involvement with the FBI in its manifold targeting of the plaintiff including defamation, false witness, menacing, and sexual harassment with cover-up of such bribery;

**witness intimidation, bribery, auction bid rigging** Westport Auction and owners Travis Worrell and Katherine Worrell, on or about June 21, 2018, at Westport Auction's annex at 310 East Washington Avenue, Bridgeport, CT, as the plaintiff approached the indoor space where items for an upcoming auction were displayed for preview, as observed by the plaintiff, an FBI agent was standing next to Travis Worrell in such a spot and still for such a time that the plaintiff could not but see them as he looked forward making his way to the inside of the annex; once the plaintiff was in the annex moving among the auction items, two or three FBI agents observed the plaintiff as he previewed items he was interested in in the upcoming auction, and at one point, an alleged FBI agent intentionally, menacingly, and provocatively stood in the plaintiff's way, with the plaintiff awkwardly moving around the agent as intended by the agent to "prove" his power and position and the plaintiff apologizing to the alleged FBI agent for being present and causing him such trouble; at the respective auction on June 26, 2018, when the plaintiff entered a bid on an item he was interested in and had previewed on June 21, 2018, as observed by alleged FBI agents, his bid registered, but a moment later, the notice "item passed"

4

appeared, indicating the plaintiff's bid was disregarded and/or the bidding system was interfered with; in subsequent contacts with Westport Auction following the bid rigging the plaintiff had experienced in the June 26, 2018, auction, at a point after the plaintiff had sent a letter of intent to sue to Westport Auction, owners Travis Worrell and Katherine Worrell filed a complaint with the Westport police against the plaintiff for threatening them, such complaint an attempt to cover up FBI interference in Westport Auction's operations and the long-standing relationship between the plaintiff and Westport Auction, and such complaint was another instance of FBI witness intimidation, namely in this instance of Travis Worrell and Katherine Worrell; in the plaintiff's lawsuit against Westport Auctions and its owners Travis and Katherine Worrell (FBT-CV19-5039450-S, Bridgeport Superior Court), the defendant Westport Auction denied any contacts with the FBI in admissions submitted by the plaintiff, which is false based on the plaintiff's witness of such contact.

**assault (sexual)** on the plaintiff by Fairfield police officer Michael Zerella at the direction of the FBI or as a part of its multifaceted activity of witness intimidation of the plaintiff during arrest for trespass at the Pequot Library on June 12, 2019, by groping the plaintiff as the plaintiff was in handcuffs standing beside officer Zerella before the plaintiff was about to be placed into police vehicle for transport to the Fairfield police headquarters on Reef Road, Fairfield;

**theft** by Fairfield police officer Michael Zerella of $50 cash and People's United Bank check during time when the plaintiff was being processed at the Fairfield police headquarters on Reef Road, Fairfield;

**vandalism** at the Fairfield Public Library on or about November 25, 2018, of causing damage and/or impairment to a water pipe or some other pipe causing the pipe to burst so that the library had to be closed four a couple of months;

5

**42 U. S. C. § 1985, Brian Paice defendant (individual):** Brian Paice, individual employed by the Hartford law firm Conway Stoughton, participated in a conspiracy in violation of 42 U.S.C. § 1985 in one of more of the following ways: May 2017 at a hearing in Hartford Federal court where Brian Paice was a defense attorney (along with Denise Lacavolle of the Bridgeport firm Goldstein and Peck), he evidenced his enlistment by the FBI as one other individual to play a role in the FBI's treacherous, vicious targeting of the plaintiff by appearing outside the courtroom gratuitously wearing a medical cast on his lower left left covering his ankle and adjacent parts of his foot and lower shin not only to signal participation in the FBI's varied targeting actions against the plaintiff, communicate to the plaintiff the FBI's position, intention, and ability to interfere not only with the plaintiff's life and business activities, but also legal process, and also emphasizing the FBI's threats of physical harm to the plaintiff (communicated to the plaintiff also by incidents the plaintiff took as death threats, as they were no doubt meant to be), defendant Paice also gratuitously had the lower leg cast at two later appearances for hearings at the Bridgeport Superior Court, Main Street, in one instance complementing the cast with crutches for a theatrical appearance in court about two hours later than the scheduled time; defendant Paice's gratuitous foot brace or cast was not only an element of the FBI's threats of physical harm or death to the plaintiff, but also evidenced defendant Paice's knowledge of FBI involvement with his clients, and thus his knowledge that his clients were engaged in a fraudulent defense with him contributing to this; in or about August 2019, at a hearing in the prosecution of the plaintiff for trespass at the Pequot Library, Brian Paice knowingly and maliciously introduced false evidence into the case with the knowledge, encouragement, and/or direction of the FBI;

**42 U.S.C. § 1985 Michael Kamp defendant (individual):** Michael Kamp, individual employed by the state of Connecticut as a Superior Court judge, participated in a conspiracy in violation of 42 U.S.C. § 1985 by gratuitously wearing an arm brace/cast and ostensibly brandishing this so

6

the plaintiff could not help to notice this in behavior intended to menace and threaten the plaintiff similar to defendant Brian Paice's behavior relating to the gratuitous foot brace/cast at the "suggestion" or direction of the FBI and later in a hearing allowing and/or placing a file of juror questionnaires to be placed on the table for the plaintiff (any plaintiff) before the plaintiff's arrival in the courtroom and to remain on the plaintiff's table in front of him during the entire hearing even after the plaintiff had brought the file to judge Kamp's attention (of note, in violation of Connecticut General Statutes, Sec. 51-232 requiring confidentiality of juror questionnaires); which file of jury questionnaires was placed on the plaintiff's table in judge Kamp's courtroom just before the scheduled hearing and during the entire time of it with judge Kamp's knowledge at the "suggestion" or direction of the FBI to go with earlier signals from the FBI to the plaintiff that jury tampering would occur in cases of the plaintiff's should any go to trial.

**END**