## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **HENRY BERRY** | : | |
| | : | |
| **Plaintiff,** | : | **No. 3:20-cv-1116-VLB** |
| | : | |
| **v.** | : | |
| | : | **January 22, 2021** |
| **FEDERAL BUREAU OF INVESTIGATIONS,** | : | |
| **BRIAN PAICE, AND MICHAEL KAMP** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OF DECISION GRANTINF MOTIONS TO DISMISS, DENYING MOTIONS TO STAY AND DENYING MOTIONS FOR DEFAULT
f

Before the Court are motions to dismiss filed by the Federal Bureau of Investigation ("FBI"), Connecticut Superior Court Judge Michael Kamp, and Attorney Brian Paice (collectively "the Defendants"). Dkt. 1 (Compl.). Dkt. 22 (FBI Mot. to Dismiss), Dkt. 24 (J, Kamp Mot. to Dismiss), Dkt. 26 (Atty Paice Mot. to Dismiss). Each Defendant seeks to dismiss all claims brought against them by Plaintiff, Henry Berry ("Berry or "Plaintiff"). The Defendants also filed a joint motion to stay discovery pending a ruling on their motions to dismiss.  Dkt. 27 (Mot. to Stay).  Plaintiff did not file an opposition to any of the motions to dismiss or stay.

Plaintiff filed a motion for default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against each Defendant.  Dkt.s 28, 29, 30.  The Defendants filed oppositions to motion for default.  Dkt.s 31, 32, 33.  After carefully reviewing the pleadings, the Court grants the motions to dismiss and affords the Plaintiff fourteen days to file an amended complaint as outlined below.  The Court denies the motion to stay as moot considering the decision on the motions to dismiss. The Court denies the motions for default.

1

## I.      BACKGROUND

The Plaintiff brought this action asserting claims against the FBI under title 42 of the United States Code sections 1983 and 1985, and claims against Attorney Paice and Judge Kamp under section 1985.  Compl. at p.7.[1]  Generally speaking, the Plaintiff claims that the Defendants conspired to intimidate and harass the Plaintiff because the Plaintiff reported "experiences" on Facebook and other social media platforms, and because the Plaintiff pursued litigation against "individuals associated with and working with the FBI."  *Id* at p.6–7.

The complaint was brought by the Plaintiff *pro se* and is thus entitled to liberal construction.  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court has taken every effort to discern the claims raised by the Plaintiff.  The following are allegations that the Court was able to parse out in the complaint.

The Plaintiff brings three claims against the FBI.  The first is a section 1983 claim where the Plaintiff alleges that the FBI infringed on the Plaintiff's First Amendment Rights by retaliating against him for making statements on social media platforms and for filing legal proceedings against individuals associated with or working with the FBI.  Compl. at 6–7.

The second claim brought against the FBI is a section 1983 claim for an alleged violation of the Plaintiff's Fourth Amendment rights, where the FBI is accused of making false statements in a warrant application, placing microphones in the Plaintiff's apartment, tapping his cell phone, and monitoring his computer

---

[1] **The Court will cite to the PDF page number of the docketed complaint when citing to the complaint.   Dkt. 1.**

activity.  *Id.* at 7.  The Plaintiff indicates that the specifics relating to this claim would need to be obtained through discovery.  *Id.*

The third claim brought against the FBI is a section 1985 claim where the Plaintiff alleges that the FBI conspired and induced a Pequot Library employee to stalk and harass the Plaintiff, later killing said employee, conspired with a Jonathan Sterling (who is not a defendant in this case) to file perjurious affidavits in a separate litigation and refuse to comply with the Plaintiff's discovery demands, conspired to intimidate the Plaintiff by blocking his path at an auction in June 2018, conspired with auction house owners to reject the Plaintiff's bid on auction item(s), and conspired with a Fairfield Police Officer (who is not a defendant in this case) to intimidate the Plaintiff by groping and stealing from him while handcuffed in June 2019.  *Id.* at 7–10.  The Plaintiff discusses vandalism at the Fairfield Public Library in November 2018 but does not state who caused such vandalism and does not attribute this behavior to any of the Defendants in this case.  *Id.* at 10.

The Plaintiff brought a section 1985 claim against Attorney Paice claiming that Attorney Paice conspired with the FBI to intimidate the Plaintiff evidenced by Attorney Paice wearing a legal cast/brace on three occasions in the Plaintiff's presence and introduced knowingly false evidence at the FBI's direction or encouragement.  *Id.* at 11.  The Plaintiff claims that the cast/brace was a "signal" of his participation in the FBI's conspiracy to target the Plaintiff.  *Id.*

Lastly, the Plaintiff brought a section 1985 claim against Judge Kamp, claiming that Judge Kamp conspired with the FBI to intimidate the Plaintiff evidenced by Judge Kamp wearing an arm cast/brace in the Plaintiff's presence

3

and by placing a juror questionnaire at a table prior to the Plaintiff's arrival at said table. *Id.* at 11. The Plaintiff claims that the cast/brace was a "signal" of his participation in the FBI's conspiracy to target the Plaintiff. *Id.* The Plaintiff claims that by placing the juror questionnaire in the Plaintiff's presence, where he believes it should not have been, was Judge Kamp's suggestion that jury tampering would occur in cases of the Plaintiff should any go to trial. *Id.* at 12.

The Plaintiff has filed eleven other lawsuits in both state and federal court between 2016 and 2020. FBI Memo at 2–3 (collecting cases); Kamp Memo at 1–3. The Court takes judicial notice of the Connecticut Superior Court and federal district court cases. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error with district court's reliance on docket sheet of another case). Several lawsuits were brought against the Pequot Library and its employees or a board of trustees member. *See Berry v. Montilla*, No. FBT-CV16-5031484- S (Conn. Super Ct.), removed to federal court, No. 3:16-cv-00530(AWT) (asserting claims against the Pequot Library, its employees, and the Town of Fairfield and its employees, for events that took place at or around the Pequot library between August 2015 and September 2015)[2]; *Berry v. Heitmann*, No. FBT-CV16-5032038-S (Conn. Super. Ct.), removed to federal court, No. 3:16-cv-01751(AWT) (consolidated with 16-cv-00530); *Berry v. Ei*, No. FBT-CV16-5032337-S (Conn. Super. Ct.) (asserting claims against a library employee for alleged defamation and infliction

---

[2] The 2016 federal lawsuits (3:16-cv-530-AWT, 3:16-cv-1396-AWT, and 3:16-cv-1751-AWT) were consolidated. Judgment was entered in favor the defendants on September 24, 2019. 3:16-cv-530-AWT, Dkt. 147

of emotional distress),[3] *Berry v. Fried*, No. FBT-CV20-5043441-S (Conn. Super. Ct.) (asserting claim against library board of trustee member for alleged defamation),[4] *Berry v. Pequot Library Ass'n*, No. 3:18-cv-00851(AWT) (similar to allegations in 16-cv-00530).[5]   Attorney Paice represents the Pequot Library and its employees in these cases.   The Plaintiff also brought lawsuits against Fairfield University and one of its employees, as well as employees of the Fairfield Public Library for alleged defamation and infliction of emotional distress.   *See Berry v. Hodge*, No. FBT-CV16-5032263-S (Conn. Super. Ct.),[6] *Berry v. Ronald*, No. FBT-CV17-5032673-S (Conn. Super. Ct.).[7]   The Plaintiff also sued the Westport Auction and its owners/employees; *Berry v. Worrell*, FBT-CV19-5039450-S (Conn. Super. Ct.)[8]; and the town of Fairfield and Fairfield police officer Michael Zerella; *Berry v. Zarella*, FBTCV20- 5044023-S (Conn. Super. Ct.).[9]   Judge Kamp presided over some of the hearings in the Connecticut Superior Court cases and entered orders in those cases, including the decision on summary judgment in *Berry v. Ronald*, FBT-CV17-5032673-S, Dkt. 210.00 and *Berry v. Ei*, No. FBT-CV16-5032337-S, Dkt. 161.00.

---

[3] In *Berry v. Ei*, judgment was entered in favor of the defendant on September 11, 2018.  FBT-CV16-5032337-S, Dkt.s 162.00, 163.00.

[4] The *Berry v. Fried* case is still open and pending adjudication.

[5] In *Berry v. Pequot Library Assoc.*, the court dismissed pursuant to the prior pending action doctrine.  3:18-cv-851-AWT, Dkt. 31.

[6] In *Berry v. Hodge*, the Superior Court issued judgment in favor of the defendants. FBT-CV16-5032263-S, Dkt. 121.20.

[7] In *Berry v. Ronald*, the Superior Court issued judgment in favor of the defendants. FBT-CV17-5032673-S, Dkt. 210.00, 211.00.

[8] The *Berry v. Worrell* case is still open and pending adjudication.

[9] The *Berry v. Zarella* case is still open and pending adjudication.

## II.    MOTIONS TO DISMISS

The FBI, Judge Kamp, and Attorney Paice have all filed motions to dismiss pursuant to Rule 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants these motions.

### A.  Legal Standard

#### 1.  *Lack of Subject Matter Jurisdiction, Rule 12(b)(1)*

"A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) *vacated on other grounds*, 585 F.3d 559 (2d Cir.2009), *cert. denied*, 560 U.S. 978, 130 S. Ct. 3409, 177 L. Ed. 2d 349 (2010) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007)).  "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* (internal citations and quotation marks omitted).  "When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists, and the district court may examine evidence outside of the pleadings to make this determination." *Id.* (internal citations and quotation marks omitted).  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*,

547 F.3d 167, 170 (2d Cir.2008) (internal citations and quotation marks omitted) (alteration in original).

### 2.   Failure to State a Claim Upon Which Relief can be Granted, 12(b)(6).

Rule 8(a)(2) only requires that the Plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

"At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (internal quotations omitted).

In general, the Court's review of a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

**B. FBI's Motion to Dismiss, Dkt. 22**

*1.* Bivens *Claims*

The FBI has filed a motion to dismiss arguing that the *Bivens* claims should be dismissed for lack of subject matter jurisdiction and for a failure to state a claim upon which relief may be granted. The Plaintiff has not filed an opposition.

*a.* Lack of Subject Matter Jurisdiction

The United States government and its agencies have sovereign immunity, which bars suit against the United States government absent its consent. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980). The United States government has not waived its sovereign immunity for claims under 42 U.S.C. §§ 1983 and 1985. *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006), *aff'd sub nom. Jones v. Nat'l*

*Commc'ns & Surveillance Networks*, 266 F. App'x 31 (2d Cir. 2008)).  Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), "a plaintiff may recover damages for constitutional violations by federal officials even in the absence of any statute specifically conferring a cause of action."  *Mele v. Hill Health Ctr.*, 609 F. Supp. 2d 248, 258 (D. Conn. 2009).

Here, the Plaintiff has not brought any claims against a single FBI agent or officer.  Rather, the Plaintiff's claims are brought against the FBI as a federal agency.  Such claims are barred under the doctrine of sovereign immunity.  Therefore, the claims against the FBI are dismiss for lack of subject matter jurisdiction.  The Plaintiff may not amend his complaint to raise *Bivens* claims against the FBI.

*b.* **Failure to State a Claim**

As stated above, the claims against the FBI are dismissed for lack of subject matter jurisdiction and cannot be renewed.  However for the sake of judicial efficiency, the Court will address whether these claims—if alleged against an FBI agent or agents in their individual capacity—would be dismissed for failure to state a claim upon which relief can be granted.

A complaint must do more than assert vague claims of constitutional violations.  "[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Eck v.*

*Gallucci*, 321 F. Supp. 2d 368, 372 (D. Conn. 2004) (citing to *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987)).

Here, the Plaintiff's claims against the FBI are vague, conclusory and devoid of specific factual allegations.  For instance, the Plaintiff claims an alleged First Amendment violation against the FBI for retaliating against him for making statements on social media platforms and filing law suits, but he does not provide specific factual allegations on what those statements were, whether they are protected speech or not, who was involved in the alleged retaliation, or how and when he was retaliated against.

Berry's claimed Fourth Amendment violations are also vague and conclusory.  For example, the Plaintiff vaguely states that false statements were made with respect to a warrant application but does not state what the false statements were, who made them, under what circumstances they were made, and when they were made.  He does not state whether in the absence of those statements probable cause existed for a warrant to be issued.

Plaintiff claims that the FBI placed microphones in his home, but he does not set forth specific factual allegations about where those microphones were found, when, and why he believes the FBI placed them there.  Similarly, the Plaintiff claims the FBI was tapping his phone and monitoring his internet activity, but he provides no factual allegations about the circumstances on how or when he learned of this activity or why he believes the FBI was involved.

His conspiracy claims as alleged also lack any specific factual allegations. For example, he claims that the FBI conspired with and possibly killed a librarian

who was stalking him but he does not set forth specific factual claims about how he knows or why he believes this to be true.  In addition, the Plaintiff claims an FBI agent blocked his path at an auction house but does not explain how he knew that person was an FBI agent or how blocking a path rises to a constitutional event entitling him to relief.  Nor has he alleged any injury for this alleged wrongful conduct.  The claims relating to the alleged groping and theft also fail for similar reason, the Plaintiff simply does not explain how the FBI was involved other than the conclusory allegation that it was.

Therefore, because the Plaintiff's *Bivens* claims against the FBI lack specific factual allegations indicating a deprivation of rights, those claims would be dismissed even if they were brought against a proper party.

### 2. Potential Tort Claims

The FBI also argues that, should the Court construe the Plaintiff's claims as asserting common law tort claims, such claims fail under the Federal Tort Claims Act ("FTCA").  The Court does not interpret the Plaintiff to be raising common law tort claims, but even if it was, such claims would fail because the Plaintiff has not asserted that he has exhausted all, let alone exercised, administrative remedies. *See Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d. Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.").  Therefore, even if the Plaintiff was attempting to raise common law tort claims, such claims are dismissed.  If the Plaintiff has exercised

his all administrative remedies, he must set forth specific factual allegations establishing such in an amended complaint.

**C. Judge Kamp's Motion to Dismiss, Dkt. 24**

Judge Kamp has filed a motion to dismiss arguing that the claim against him should be dismissed because the claim is barred by absolute or qualified immunity, any official capacity claims are barred under the Eleventh Amendment, and the Plaintiff failed to state a claim upon which relief can be granted. The Plaintiff did not file an objection.

In order to determine whether the claim against Judge Kamp is barred on immunity grounds, the Court must be able to determine the genesis of the claim. Here, the Plaintiff's claim against Judge Kamp alleges a violation of 42 U.S.C. § 1985. However, the Plaintiff does not cite to what subsection of section 1985 he asserts Judge Kamp has violated. Section 1985 includes three subsections: (1) "Preventing officer from performing duties," (2) "Obstructing justice; intimidating party, witness, or juror," and (3) "Depriving persons of rights or privileges." There are no allegations, even conclusory allegations, setting forth claims for relief under subsections (1) and (3).[10]

---

[10] Subsection (1) of section 1985 states: "(1) Preventing officer from performing duties. If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;"

The remaining subsection, subsection (2), contains two clauses. The first clause allows an injured party to bring an action for the recovery of damages against one or more conspirators:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; . . .

§ 1985(2).  The Supreme Court explained in *Kush v. Rutledge*, 460 U.S. 719, 724, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983) that the first clause relates "to institutions and processes of the federal government . . .  federal judicial proceedings" and

---

Subsection (3) of section 1983 states: "(3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

does not require evidence proof that the conspirators acted with intent to deprive their victims of equal protection of the laws."

The second clause allows an injured party to bring an action for the recovery of damages against one or more conspirators:

> or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

§ 1985(2).   In *Kush*, the Court explained that the second clause relates to "conspiracies to obstruct the course of justice in state courts" and does require proof that "the conspirators' actions [were] motivated by an intent to deprive their victims of the equal protection of laws." 460 U.S. at 724.   In the context of subsection (3), which also requires proof of an intent to deprive victims of the equal protection of laws, the Supreme Court explained that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.  The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."  *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971) (internal footnotes omitted).  *See also Brown v. Western Connecticut State University*, 204 F. Supp. 2d 355, 366 (D. Conn. 2002) ("[c]laims under . . . the second clause of § 1985(2) . . . require an allegation of class-based animus."); *Pravada v. City of Albany*, 956 F. Supp. 174, 180 (N.D.N.Y. 1997) (same).

Both clauses require proof of a conspiracy.  A conspiracy "need not be shown by proof of an explicit agreement but can be established by showing that the 'parties have a tacit understanding to carry out the prohibited conduct.'" *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).  Conclusory, vague, and general allegations of a conspiratorial agreement is insufficient to allege conspiracy under section 1985.  *Id.* (holding that summary judgment was appropriate in case where the plaintiff's claims on the existence of an agreement were conclusory and vague). In *Thornton v. City of Albany*, 831 F. Supp. 970, 980 (N.D.N.Y. 1993), the plaintiff alleged that two police officers were involved in a conspiracy to take the plaintiff's decedent into custody evidenced by them actually taking the decedent into custody and failing to remember whether they spoke with alleged co-conspirators. In *Thornton*, the court concluded that the plaintiff's allegations of a conspiracy were insufficient to establish a section 1985(3) claim.

Both clauses require proof of injury to either the plaintiff's person or property in order to recover damages.  § 1985(3) ("in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."); *Haddle v. Garrison*, 525 U.S. 121, 125, 119 S. Ct. 489, 142 L. Ed. 2d 502 (1998) ("The terms 'injured in his person or

property' define the harm that the victim may suffer as a result of the conspiracy to intimidate or retaliate.").

Berry's section 1985 claim against Judge Kamp fails under either clause of subsection (2).  Of the elements that both clauses have in common, conspiracy and injury, the Plaintiff has not set forth factual allegations to support either.  The only factual allegations relating to Judge Kamp's conduct was that he wore a cast/brace in the Plaintiff's presence and placed juror questionnaires on a table prior to the Plaintiff approaching that table.  These factual allegations do not support a plausible basis for concluding Judge Kamp was involved in a conspiracy with the FBI.  This is an even easier case than that in *Thorton*, as discussed above, because there is not even a conclusory allegation that Judge Kamp spoke with a member of the FBI.  Further, the Plaintiff has not presented factual, let alone conclusory, allegation of injury.  At no point in the complaint does the Plaintiff state he was intimidated, deterred, or was injured or suffered a loss of property due to Judge Kamp or any of the Defendants' conduct in this case.

In addition to the common requirements under clauses one and two, the Plaintiff has also not set forth allegations for the requirements these clauses do not have in common.  For clause one, the Plaintiff has not set forth allegations, factual or otherwise, that Judge Kamp in conspiracy with the FBI: deterred any party or witness by force, intimidation or threat from attending or testifying in a federal court;   injured the Plaintiff or a witness from attending or testifying in federal court;  influenced a verdict, presentment, or indictment of any grand or petit juror in federal court; or, injured a juror on account of any verdict, presentment, or

indictment lawfully assented to or being or having been a juror in federal court. Meaning, the Plaintiff has not set forth factual allegations to satisfy the requirements for the first clause of section 1985(2).

For the second clause, the Plaintiff has not set forth any allegations, factual or otherwise, that the alleged conspiracy between Judge Kamp and the FBI was motivated by invidiously, discriminatory animus; let alone that the Plaintiff is a member of a protected class. Meaning, the Plaintiff has also not set forth factual allegations to satisfy the requirements for the second clause of section 1985(2).

For these reasons, the Plaintiff has failed to state a claim upon which relief can be granted and his claims against Judge Kamp must be dismissed. The Court is unable to reach a conclusion on the other bases for dismissal asserted in Judge Kamp's motion to dismiss because the allegations in the complaint are too vague to make a decision on the merits of the immunity arguments.

   D. __Attorney Paice's Motion to Dismiss, Dkt. 26__

Attorney Paice has filed a motion to dismiss the claim against him. Dkt. 26. Attorney Paice argues that the claim should be dismissed for failure to state a claim upon which relief can be granted and the allegations are frivolous, meritless, fantastic, and/or malicious. *Id.* The Plaintiff did not file an opposition to this motion.

The claim against Attorney Paice is substantially similar to the claim against Judge Kamp. The Plaintiff claims that Attorney Paice conspired with the FBI in violation of § 1985 by wearing a case/brace in the Plaintiff's presence and

presented false evidence in the prosecution of the Plaintiff for trespass on the Pequot Library.  Compl. at 11.

Here, similar to the analysis on the claim against Judge Kamp, the Plaintiff has failed to set forth factual allegations of a conspiracy with the FBI and injury to the Plaintiff.   The mere conclusory allegation that Attorney Paice was in a conspiracy is not sufficient to establish a plausible claim that he was.  The only factual allegations made have no direct or even indirect connection with the FBI. In other words, the Plaintiff has not shown how Attorney Paice is connected with the FBI, let alone a showing of a conspiratorial agreement.  Further, the Plaintiff has not made factual allegations relating to an injury cause by Attorney Paice's alleged misconduct.

In addition to the common requirements under clauses one and two, the Plaintiff has also not set forth allegations for the requirements these clauses do not have in common.  For clause one, the Plaintiff has set not forth allegations, factual or otherwise, that Attorney Paice in conspiracy with the FBI: deterred by force, intimidation or threat from attending or testifying in a federal court; injured the Plaintiff or a witness from attending or testifying in federal court; influenced a verdict, presentment, or indictment of any grand or petit juror in federal court; injured a juror on account of any verdict, presentment, or indictment lawfully assented to or being or having been a juror in federal court.  Meaning, the Plaintiff has not set forth factual allegations to satisfy the requirements for the first clause of section 1985(2).

For the second clause, the Plaintiff has not set forth any allegations, factual or otherwise, that the alleged conspiracy between Attorney Paice and the FBI was motivated by invidiously, discriminatory animus; let alone that the Plaintiff is a member of a protected class. Meaning, the Plaintiff has also not set forth factual allegations to satisfy the requirements for the second clause of section 1985(2).

Therefore, the claim against Attorney Paise must be dismissed for failure to state a claim upon which relief can be granted.

### E. Conclusion

For the aforementioned reasons, the motions to dismiss filed by the FBI, Judge Kamp and Attorney Paice are granted.  The Court will afford the Plaintiff fourteen (14) days to file an amended complaint addressing the insufficiencies found by the Court as outlined above.  The failure to file an amended complaint that meets the pleading requirements under the Federal Rules of Civil Procedure will result in the dismissal of this action with prejudice.

## III.    REMAINING MOTIONS

The remaining motions before the Court are (1) the Defendants' joint motion to stay discovery and (2) three motions for default by the Plaintiff brought against each Defendant.  Dkt.s 27, 28, 29, 30 (respectively).

The motion to stay discovery is denied as moot now that claims raised in the Plaintiff's complaint are dismissed.  In the event the Plaintiff files an amended complaint that satisfies the Court's order as stated above discovery may resume and the defendants can renew their motion to stay is grounds for stay exist.

In the Plaintiff's motions for default, he argues that default should be entered against the defendants for failing to schedule and participate in a Rule 26(f) conference.  Dkt.s 28, 29, 30.  Each defendant filed an opposition to these motions. Dkt. 31 (Judge Kamp), Dkt. 32 (FBI), Dkt. 33 (Attorney Paice).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "[E]ntry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  Typically, default comes following a defendant's failure to file an answer, but a district court can enter default if it finds that the defendant failed to "otherwise defend."  *Id.* at 129. In *Mickalis Pawn Shop*, the Second Circuit cited to several circumstances where default was properly entered: such as in *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 63–65 (2d Cir. 1986) where the defendant "demonstrated a lack of diligence during pre-trial proceedings, sought and received mid-trial adjournment, but then failed to appear when the trial resumed."  *Mickalis Pawn Shop*, 645 F.3d at 129.  In addition, the Second Circuit cited to cases where there was "obstructionist litigation tactics" and a willful disregard for the district court's order.  *Id.* at 129–30.

Here, the Court cannot find that that Defendant's conduct constitutes either a failure to plead or otherwise defend.  The Defendants in this case responded to the complaint by filings motions to dismiss, which were meritorious and were

ultimately granted as addressed above.  While the Defendants concede that they failed to participate in a Rule 26(f) conference, such failure is excused here where the Defendants filed both meritorious motions to dismiss and a joint motion to stay prior to the deadline for the conference.  The legal arguments raised in the motion to stay were sound and likely would have been granted had the matter not become moot by this decision.  The Defendants reasonably relied on those claims as a basis to justify their refusal to engage with the Plaintiff in discovery.  Further, any Rule 26(f) conference in this case would have been futile. This is because the complaint asserts vague, conclusory, and general allegations that would not provide the Defendants with a proper scope of what discovery in this case would entail.  Any delay attributed to the failure to participate in the Rule 26(f) conference is minimal and not entirely the fault of the Defendants.  The deadline to participate in a Rule 26(f) conference was December 18, 2020.  The motion to stay discovery was filed December 16, 2020 and became ripe on January 7, 2021 after the Plaintiff's response deadline passed.  This decision is being filed only slightly more than a month after the 26(f) conference deadline.

Even if the Court could find that the Defendants otherwise failed to defend the action, default would be an unnecessary waste of judicial resources because the Court would set aside any default for the reasons articulated above.  *See* Rule 55(c).

Therefore, the Court denies the Plaintiff's motions for default because the Defendants have not failed to plead or otherwise defend.

IV.     CONCLUSION

21

For the aforementioned reasons, the Defendants' motions to dismiss are GRANTED.  The Plaintiff may file an amended complaint within fourteen days of this decision that cures the insufficiencies discussed in this decision and otherwise complies with the pleading requirements under the Federal Rules of Civil Procedure.  The failure to file an amended complaint within the time frame afford will result in a dismissal with prejudice.  The Defendants' joint motion to stay discovery is DENIED as moot in light of the Court's decision on the motions to dismiss.  The Plaintiff's motions for default are DENIED because the Defendants have not failed to plead or otherwise defend.

Should the Plaintiff wish to appeal this decision, the Court certifies that such an appeal would not be taken in good faith pursuant to title 28 of the United States Code section 1915(b)(a)(3).

IT IS SO ORDERED.

_____
Hon. Vanessa L. Bryant
United States District Judge


Dated this day in Hartford, Connecticut